*Original*

James S. Davis OSB#982070
P.O. Box 7399
Salem, OR 97302
Phone:(503)363-8661
Fax:  (503)363-8681
Jamesdee3080@msn.com

FILED'10 AUG 6 16:09USDC-ORP

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DISTRICT

|  |  |
|---|---|
| JACQUELINE SHARP, | ) Case No. **CV'10-6236  TC** |
| Plaintiff, | ) |
|  | ) **COMPLAINT-STATE STATUTORY** |
| vs. | ) **DISCRIMINATION; TITLE VII** |
|  | ) **DISCRIMINATION; INFLICTION OF** |
| CHANDA CORPORATION DBA | ) **EMOTIONAL DISTRESS;** |
|  | ) |
| CIDDICI'S PIZZA AND TARIQ | ) |
|  | ) |
| SIDDIQUI | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

Plaintiff alleges:

## JURISDICTION

1.

Jurisdiction is conferred upon this Court by 28 U.S.C. §
1331 and brought pursuant to claims under 42 USC § 2000.
Plaintiff requests a jury trial in this matter.

2.

Jurisdiction is appropriate for this Court after
plaintiff's receipt of a right to sue letter from the Equal
Employment Opportunity Commission and the Oregon Bureau of Labor
and Industries dated June 1, 2010.

Page | **1** Complaint

A 35095

### SUPPLEMENTAL JURISDICTION

#### 3.

This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

### VENUE

#### 4.

Venue is appropriate in this Court under 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Linn County, Oregon.  Plaintiff requests a jury trial in this matter.

#### 5.

Plaintiff and defendants reside in Linn County, Oregon. Defendant has employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

### FACTUAL ALLEGATIONS

#### 6.

Plaintiff is woman who was employed by Ciddici's Pizza from October 2004 to August, 2008.

#### 7.

Regularly, Tariq Siddiqui (Siddiqui) would come up behind plaintiff, put his arm around her waist, and pinch her sides while she was making pizzas or taking orders.  He would also put his hands on her lower back and rub her back while she was working.

//

Page | **2** Complaint

8.

Regularly Siddiqui would kiss or attempt to kiss plaintiff on the cheek numerous times throughout a shift. On many occasions Siddiqui would walk past plaintiff and brush his hand against her butt and keep walking like he didn't do it on purpose.  However, it happened very frequently and was not accidental.

9.

Siddiqui would make comments on how plaintiff dressed and and ask who plaintiff was trying to impress commenting, she looked hot.

10.

Siddiqui would hug plaintiff and tell her "I love you baby." He would make comments like "why do you need a husband when you could have me."  When plaintiff would resist Siddiqui's advances he would call her an idiot, piece of shit, stupid, worthless, and a bitch.

11.

On one occasion, Siddiqui commented that Courtney, a co-worker, "probably makes better tips" than plaintiff, because of the size of her breasts.  Siddiqui would often make comparisons about the size of plaintiff's breasts to other women's breasts.

12.

When plaintiff started working for Siddiqui, there was a co-worker named Sarah that worked at the restaurant.  Siddiqui would comment to plaintiff about the size of Sarah's butt.
//

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

13.

One day Siddiqui was walking toward plaintiff and appeared to want her out of the way, Siddiqui did not ask plaintiff to move.  Siddiqui put his right hand on her breasts and pushed her out of the way. Plaintiff was shocked and distressed as a result of this action.

14.

Plaintiff and a co-worker were both dieting one summer and Siddiqui told them to stop competing to lose weight and that they were already to skinny.  Siddiqui would often state he likes bigger women.

15.

One time plaintiff witnessed Siddiqui tell a customer that she would have to pull her shirt down a little farther to get a free glass of wine.

16.

On day Siddiqui sat plaintiff down and told her, her parents had given up on her, they didn't care what happens to plaintiff, and he can do whatever he wants to her.

## FIRST CLAIM-STATE STATUTORY DISCRIMINATION

### (Count 1- Sex Discrimination)

17.

Plaintiff realleges paragraphs 1-16.  According to ORS 659A.030(1)(a) and (b), it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the

Page | **4** Complaint

individual is 18 years of age or older, . . . to refuse to hire or employ or to bar or discharge from employment such individual [or] . . . to discriminate against such an individual in compensation or in terms, conditions, or privileges of employment." Discrimination committed by the defendants as alleged above, affected plaintiff's employment opportunities, compensation, terms, conditions, and privileges of employment in violation of this statute.

18.

Plaintiff suffered from discrimination based on her sex as described in the paragraphs above. Defendants' adverse employment actions toward plaintiff negatively affected her terms, conditions, and privileges of employment in violation of ORS 659A.030 (a) and (b).

19.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial, as a result of defendants discrimination, plaintiff requests equitable relief including back pay and reasonable attorney fees and costs pursuant to ORS 659A.885.

**(Count 2-Retaliation Sex Discrimination)**

20.

Plaintiff realleges paragraphs 1-19. According to ORS 659A.030(1)(f), it is an unlawful employment practice, "for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint,

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

testified or assisted in any proceeding under this chapter or has attempted to do so." Discrimination committed by the defendants, as alleged above, affected plaintiff's employment opportunities, compensation, terms, conditions, and privileges of employment in violation of this statute.

21.

Plaintiff suffered from retaliation based on her complaints of sexual discrimination as described in the paragraphs above. Defendants' retaliation toward plaintiff negatively affected her terms, conditions, and privileges of employment in violation of ORS 659A.030(1)(f).

22.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial, as a result of defendants' discrimination, plaintiff requests equitable relief including back pay and reasonable attorney fees and costs pursuant to ORS 659A.885.

**(Count 3—Hostile Work Environment Sex Discrimination)**

23.

Plaintiff realleges paragraphs 1-22. According to ORS 659A.030(1)(b), it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to discriminate against such an individual in compensation or in terms, conditions or privileges of employment." Discrimination committed by defendants affected

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

1 │ plaintiff's employment opportunities, terms, conditions and

2 │ privileges of employment in violation of the statute.

3 │                              24.

4 │     Plaintiff suffered from discrimination in the form of a

5 │ hostile work environment based on her sex.  Defendants'

6 │ discrimination negatively affected plaintiff's employment in

7 │ violation of ORS 659A.030(1)(b).

8 │                              25.

9 │     Plaintiff has suffered economic and non-economic damages in

10 │ an amount to be determined at trial, as a result of defendants'

11 │ discrimination, plaintiff requests equitable relief including

12 │ back pay and reasonable attorney fees and costs pursuant to ORS

13 │ 659A.885.

14 │                **SECOND CLAIM-VIOLATION OF TITLE VII**

15 │          **(Count 1-Sex Discrimination, 42 U.S.C. § 2000e)**

16 │                              26.

17 │     Plaintiff realleges paragraphs 1-25.  42 U.S.C. § 2000e-

18 │ 2(a) provides: "it shall be an unlawful employment practice for

19 │ an employer" to discharge an individual, "or otherwise to

20 │ discriminate against any individual with respect to his

21 │ compensation, terms, conditions, or privileges of employment

22 │ because of such individuals race, color, religion, sex, or

23 │ national origin . . .".

24 │                              27.

25 │     Plaintiff is a woman.  Defendants' employed plaintiff

26 │ during the time in question.  During the course of plaintiff's

27 │ employment with defendants, plaintiff suffered from

28 │

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

1   discrimination based on her sex.   Incidents of sexual

2   discrimination committed by defendants resulted in plaintiff

3   being denied compensation, and adversely affected plaintiff's

4   terms, conditions, and privileges of employment in violation of

5   42 U.S.C. § 2000e-2(a).

6                              28.

7       Defendants discriminated against plaintiff in the terms,

8   conditions, and privileges of her employment on the basis of her

9   sex.  As a result of this discrimination, plaintiff was denied

10  compensation, and adversely affected plaintiff's terms,

11  conditions, and privileges of her employment.

12                             29.

13      Plaintiff has suffered economic and non-economic damages in

14  an amount to be determined at trial, as a result of defendants'

15  discrimination, plaintiff requests equitable relief including

16  back pay and reasonable attorney fees and costs pursuant to 42

17  U.S.C. § 1988.

18  **(Count 2—Retaliation Sex Discrimination, 42 U.S.C. § 2000e)**

19                             30.

20      Plaintiff realleges paragraphs 1-29.  42 U.S.C. § 2000e-3

21  provides in relevant part: "it shall be an unlawful employment

22  practice for an employer to discriminate against any of his

23  employees . . . because he has opposed any practice made an

24  unlawful employment practice by this sub-chapter."

25  //

26

27

28  //

Page | **8** Complaint

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

31.

Plaintiff complained about being treated differently due to her sex.  After this complaint, defendants retaliated against plaintiff.

32.

Defendants retaliation toward plaintiff, because she complained about sex based discriminatory conduct, constitutes a violation of 42 U.S.C. § 2000e-3(a) for which plaintiff is entitled to relief.

33.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial, as a result of defendants' discrimination, plaintiff requests equitable relief including back pay and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**(Count 3—Hostile Work Environment Sex Discrimination, 42 U.S.C. § 2000e)**

34.

Plaintiff realleges paragraphs 1-33.  During the course of plaintiff's employment with defendant, plaintiff suffered from discrimination based on her sex.  Incidents of sexual discrimination committed by defendants resulted in plaintiff being denied compensation, and adversely affected plaintiff's terms, conditions, and privileges of her employment in violation of 42 U.S.C. § 2000e-2(a).

//

//

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

35.

Defendants' actions created a hostile work environment toward woman that plaintiff was subjected to.

36.

Defendants' hostile work environment and the actions of its employees, as provided in the paragraphs above, affected plaintiff's ability to perform her job, and caused plaintiff to suffer emotional distress in the performance of her job.

37.

Defendants' hostile work environment toward plaintiff, because she is a woman, constitutes a violation of 42 U.S.C. § 2000e-2(a) for which plaintiff is entitled to relief.

38.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial, as a result of defendants' discrimination, plaintiff requests equitable relief including back pay and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

39.

Plaintiff realleges paragraphs 1-38.  Plaintiff had an employer-employee relationship with defendants. Defendants knew that the aforementioned conduct would cause severe mental or emotional distress or acted despite a high degree of probability that the mental or emotional distress would result.

//

//

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

40.

Defendants' conduct caused plaintiff severe mental or emotional distress from the foreseeable highly unpleasant emotional reactions including fright, grief, shame, humiliation, embarrassment, anger, disappointment, and worry. Plaintiff has also suffered from depression as a result of being subjected to defendants' discriminatory employment practices.

41.

Defendants' conduct was an extraordinary transgression of the bounds of socially tolerable conduct or exceeded any reasonable limit of social toleration.

42.

As a result of defendants' intentional actions, plaintiff has suffered economic damages and non-economic damages in the form of severe emotional distress in an amount to be determined at trial.

**FOURTH CLAIM–RECKLESS INFLICTION OF EMOTIONAL DISTRESS**

43.

Plaintiff realleges paragraphs 1-42. Defendant, Siddiqui, in the course and scope of his employment and ownership recklessly engaged in the aforementioned actions causing severe mental or emotional distress in the form of fright, grief, shame, humiliation, embarrassment, anger, disappointment, worry. Plaintiff has also suffered from depression as a result of being subjected to defendant's actions.

//

//

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

44.

The aforementioned actions of defendant consisted of an extraordinary transgression of contemporary standards of civilized conduct toward a person in the work environment.

45.

As a result of defendant's reckless actions, plaintiff has suffered economic damages and non-economic damages in an amount to be determined at trial.

WHEREFORE, Plaintiff requests the following for her claims for relief:

1.    First Claim for Relief against Defendants:

a.    Count 1: Plaintiff seeks economic damages non-economic damages in an amount to be determined at trial.  Plaintiff seeks recovery of all compensatory damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to ORS 659A.885.

b.    Count 2: Plaintiff seeks economic damages non-economic damages in an amount to be determined at trial.  Plaintiff seeks recovery of all compensatory damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to ORS 659A.885.

c.    Count 3: Plaintiff seeks economic damages non-economic damages in an amount to be determined at trial.  Plaintiff seeks

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

1   recovery of all compensatory damages provided by law, in
2   addition to equitable relief and reasonable attorney fees and
3   costs pursuant to ORS 659A.885.
4
5   2.   For Plaintiff's Second Claim for Relief against Defendants:
6
7        a.   Count 1: Plaintiff seeks economic damages and non-
    economic damages in an amount to be determined at trial.
8
    Plaintiff seeks recovery of all compensatory damages provided by
9
    law, in addition to equitable relief and reasonable attorney
10
    fees and costs pursuant to 42 U.S.C. § 1988.
11
12
        b.   Count 2: Plaintiff seeks economic damages and non-
13
    economic damages in an amount to be determined at trial.
14
    Plaintiff seeks recovery of all compensatory damages provided by
15
    law, in addition to equitable relief and reasonable attorney
16
    fees and costs pursuant to 42 U.S.C. § 1988.
17
18
        c.   Count 3: Plaintiff seeks economic damages and non-
19
    economic damages in an amount to be determined at trial.
20
    Plaintiff seeks recovery of all compensatory damages provided by
21
    law, in addition to equitable relief and reasonable attorney
22
    fees and costs pursuant to 42 U.S.C. § 1988.
23
24
25   3.   For Plaintiff's Third Claim for Relief against Defendants:
26        Plaintiff requests economic damages and non-economic
27   damages in an amount to be determined at trial.
28

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681

4.    For Plaintiff's Fourth Claim for Relief against Defendants:

Plaintiff requests economic damages and non-economic

damages in an amount to be determined at trial.

DATED this ⟍ day of August, 2010

_____
James S. Davis OSB #982070
Of Attorneys for Plaintiff

JAMES S DAVIS ATTORNEY AT LAW P.C
P.O. BOX 7399
SALEM, OR 97303
OFFICE (503)363-8661 FAX (503) 363-8681